JOHN E. MUIRHEAD, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, July 2, 1888.

CASE ADJUDGED—AFFIRMED ON EXAMINATION OF ALL THE OBJECTIONS. The court, after an examination of all the objections to the judgment in this case, comes to the conclusion that it should be affirmed ; and Judge PHILIPS being of opinion that this decision, as well as a former one in this case, is in conflict with the decision of the Supreme Court of this state in the case of *Tabler v. Railroad*, 93 Mo. 79, growing out of the same accident, the cause is ordered to be certified to the Supreme Court.

APPEAL from Linn Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed.*

*Certified to Supreme Court.*

The case is sufficiently stated in the opinion of the court.

STRONG & MOSMAN and VINTON PIKE, for the appellant.

I. The demurrer to the evidence should have been given. From the facts in proof, the jury could not infer that the disaster was occasioned by the use of a switch-rope coupling. *Powell v. Railroad*, 76 Mo. 80 ; *Randall v. Railroad*, 109 U. S. 478 ; *Stepp v. Railroad*, 85 Mo. 233.

II. The allegation is not that the negligence consisted in the use of a rope-coupling, but in coupling with a rope having an iron hook on the end, liable to drag and grapple the ties, etc. The court instructed that in this respect there was no evidence of negligence.

III. The charge in the petition is not that it was negligent to couple with a rope, but that it was negligent to couple with a rope having an iron hook on the end liable to drag, etc., etc. *Current case*, 86 Mo. 66 ; *Waldhier case*, 71 Mo. 516 ; *Balderson v. Railroad*, 49 Mich. 184 ; *Edens v. Railroad*, 72 Mo. 212.

IV. Plaintiff's second and third instructions are not warranted by the pleadings and evidence. They conflict with instructions given on motion of defendant. *Price case*, 72 Mo. 414 ; *Waldhier case*, 71 Mo. 516 ; *Current case*, 86 Mo. 66. And the second instruction ignores issues that should have been submitted and assumes disputed facts. It also makes the defendant responsible for the directions of a yardmaster and train dispatcher who are not shown to have represented the

plaintiff; nor is it shown that they gave any directions concerning this train.

V.   There was abundant evidence tending to show that the disaster was occasioned by the breaking of the track and defendant's ninth instruction should have been given.   *Harris v. Railroad,* 89 Mo. 233.

VI.   Defendant's fourth and twelfth instructions were the law and should have been given.   *Porter v. Railroad,* 71 Mo. 67; *Covey v. Railroad; Holden v. Railroad,* 129 Mass. 268; *Railroad v. Duffy,* 35 Ark. 602.

VII.   The court erred in refusing other instructions asked by defendants; they are supported by the evidence.

VIII.   The remarks of counsel in his closing speech to the jury were improper and are grounds for a new trial.   *Gibson v. Zeibig,* 24 Mo. App. 65.

No brief for the respondent.

ELLISON, J.—This case was heretofore in this court and is found reported in 19 Mo. App. 634. The facts, as to the principal points relative to the wreck, may be learned by reference to that report.

On the trial below, the issue of negligence was restricted, by an instruction, to the question, whether defendant was negligent in using a switch rope to couple the derrick car into the train.   It is conceded there was no drawhead in the derrick car and that it was not coupled with an iron link, but was coupled into the train by means of a large rope.   The court gave instructions for plaintiff and defendant which we think properly covered the case.   Numbers four, nine, twelve, sixteen, seventeen, eighteen, and nineteen offered by defendant were refused.   We will not set them out, as they are of some length, but rest content with the statement that they were either not correct as applied to the case or were covered by those already given.   There was a demurrer to the testimony at the close of plaintiff's case

and afterwards at the close of the whole case. Both were refused and we think properly.

One ground of the motion for new trial is, that counsel for plaintiff, in his address to the jury, during the temporary absence of the judge, said that others had recovered judgment for injury in the same accident and had gotten their money and that "This case is the last of the Mohicans." It does not appear that objection was made to this. The court's attention was not called to it, so that, if considered necessary, action on the court's part might have been taken in regard thereto.

An examination of all the objections made to the judgment leads us to the conclusion that it should be affirmed and it is so ordered. HALL, J., concurs.

PHILIPS, P. J.—Without expressing any opinion upon the merits of the question involved, arising on the instructions in this case, it is enough to say, since the first opinion of this court herein was delivered the Supreme Court has decided the case of *Tabler v. H. & St. J. Ry. Co.*, 93 Mo. 79, growing out of the same accident; which decision is apparently in conflict with the view taken by this court in its two opinions. For this reason the cause will have to be certified to the Supreme Court, which is accordingly so ordered.